# McGEE v. INTERSTATE MOTOR EXPRESS, INC., ET AL.

———

(July 1, 1931. Opinion and Decree.)

———

Max M. Shaumburger, of New Orleans, attorney for plaintiff, appellee.

Woodville & Woodville, of New Orleans, attorneys for defendants, appellants.

DUNBAR, Judge ad hoc. This is a suit by plaintiff, Jesse C. McGee, against the Interstate Motor Express, Inc., and one Leon Scandurro, in solido, for $123.95 damages sustained by plaintiff's automobile on September 8, 1930, as a result of a collision with a truck owned by the Interstate Motor Express, Inc., and driven by Leon Scandurro. There was judgment in the lower court in favor of plaintiff on the main demand and dismissing defendant's reconventional demand, and from this judgment defendant has appealed.

According to the testimony of plaintiff in this case, which is corroborated by disinterested eyewitnesses, plaintiff's automobile was being driven on Valence street from the river in the direction of the lake on the right-hand side of Valence street by plaintiff's wife; that plaintiff's automobile slowed down upon reaching Dryades street and then proceeded at a reasonable rate of speed to cross Dryades street and had actually crossed Dryades street and had either passed or reached the corner of the lakeside of the intersection of Dryades and Valence streets when the truck of defendant, which was being driven in the opposite direction on Valence street towards the river on the uptown side of Valence street and was approaching the Dryades street corner, suddenly swerved to the left either before or at the moment the intersection was reached, evidently for the purpose of going down Dryades street, and struck plaintiff's automobile. Disinterested eyewitnesses testified that the driver of the truck apparently was not keeping a lookout and did not see the car of plaintiff and suddenly swerved into plaintiff's car which had crossed Dryades street and had reached or was passing the uptown corner of Valence and Dryades streets. The testimony indicated that the truck swerved sharply to the left on Valence street evidently for the purpose of turning down Dryades street either before it reached the intersection or at the intersection, whereas, if the driver of the truck had seen plaintiff's car and had been driving with reasonable care, he would not have turned down Dryades until he reached the middle of Dryades street, and that a wider turn of this kind would have enabled the truck to clear plaintiff's car, and avoid the accident.

These facts are contradicted by the testimony of the driver of the truck, and the driver's testimony is corroborated by two disinterested ladies who lived in the neighborhood and saw the collision and who testified that plaintiff was responsible for the accident. The testimony of Mr. Tobin and the other disinterested witnesses of the plaintiff, which is substantially in accord with plaintiff's testimony is more detailed and specific and less general in its nature than the testimony of the two witnesses of the defendant, and we see no good reason to disturb the judgment of the trial court, which was evidently based on the testimony of the plaintiff's witnesses.

For the reasons assigned, the judgment appealed from is affirmed.

WESTERFIELD, Judge, and MORENO, Judge ad hoc, participating.